KILGORE, Plaintiff-Appellant, v U-DRIVE-IT CO., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4025. Decided October 14, 1947.

Cowan, Adams & Tyler, and Russ Bothwell, Columbus, for plaintiff-appellant.

Collis Gundy Lane, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This case is here on appeal on questions of law from the Court of Common Pleas of Franklin County, Ohio. The assign-

ments of error arise out of the action of the trial court in sustaining the defendant-appellee's motion at the close of all the testimony, to instruct the jury to render a verdict for the defendant-appellee and the subsequent entering of judgment upon this verdict.

The pertinent facts disclose that on July 20, 1943, the appellant came to Columbus in the automobile of her friend Mrs. Sallie Willard. The appellee being engaged in the parking garage business received the car driven by Mrs. Willard and she was delivered a claim check for it. The appellant, having left the garage with Mrs. Willard and another passenger, forgot a package which she left in the car and, without bringing the claim check with her, returned to the garage alone and there conversed with an employee by the name of Charles Barnett whose duty it was to take cars to the front door for people to drive away and to receive incoming cars and park them at various places in the garage. The appellant testified that she requested Barnett to get the package for her, gave him the license number and description of the car and he then being in the act of getting into a customer's car to take it to the second floor, said, "Well, you can get in the car and go up with me and get the package yourself"; that she thereafter did get in the car which was parked near the front of the garage and was driven by Barnett to the rear of the first floor into an elevator with such force that the car crashed into the rear of the elevator and she sustained certain injuries. She testified further that the speed of the automobile was approximately twenty miles per hour.

The automobile in which the accident occurred was not the property of the appellee but the property of a customer and although ostensibly equipped with a foot brake, when Barnett attempted to apply it his foot went to the floor and there was none.

The petition alleges that the said injuries and disability were directly and proximately caused by the negligence of the defendant in the following particulars, to wit: (1) Defendant drove said automobile at a high and dangerous rate of speed under the circumstances, to wit, twenty miles per hour, as aforesaid; (2) Defendant drove said automobile into and against said wall as aforesaid; and (3) Defendant failed to keep said automobile under control.

It will be noted that this petition charges the appellee only with negligence, and contains no allegation of wilful or wanton misconduct by the appellee and no statement of fact from which wilful or wanton misconduct could be concluded. The trial court ruled that the appellant was only riding for

her own accommodation to go and get a package and that therefore she was a guest and the guest law of Ohio was applicable and therefore instructed the jury to return a verdict in favor of the appellee.

The appellant is contending that the Court erred in its ruling on the motion for two reasons: (1) That the Guest Statute referred to has application only upon the public roads and highways of this state and has no application to the operation of a motor vehicle upon private property; (2) That the appellant was not a guest at the time of the injury, but that the appellee was engaged in the performance of some duty which it owed to her.

The trial court was correct in its ruling that the Guest Statute has application when the motor vehicle is being ■ operated upon private grounds. This question was determined by the Court of Common Pleas· of this county in the case of **Kitchens v Duffield**, No. 167,375, and the same has recently been affirmed by this Court in cases Nos. 4016 and 4017 (50 Abs. 161.)

The next question for our determination is whether or not the Court was correct in its ruling that the appellant was a guest of the appellee at the time of the alleged injury. We think that the record discloses that the appellant was not rendering any service at all for the driver of the car. She was only riding for her own accommodation to get a package from the car which her friend had parked in the appellee's garage. As far as this appellant was concerned she was a stranger to the parking transaction. She had no contract of bailment with the appellee, this contract being between her friend Mrs. Willard and the appellee. The facts do not support any suggestion that the appellee owed appellant a duty or had any interest in the project of the appellant to obtain her package. While the errand of the appellant may lack a ■ so-called social aspect it is in all events in furtherance of her own errand that she sought to get her package. The rule in this respect is set forth in syllabus 4 of **Dorn v Village of North Olmsted, 133 Oh St 375:**

"Within the meaning of §6308-6 GC, a guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company."

248

See also **Beer v Beer**, 52 Oh Ap, 276.

An examination of the pleadings discloses that the appellant has made no attempt to plead facts that would justify a recovery assuming appellant was a guest within the scope of the Guest Statute. Ordinary negligence alone is alleged both in form and in substance, and there is a complete lack of any allegation of facts constituting either wilful or wanton misconduct as the same are defined and recognized. ■ Under these circumstances this issue cannot be raised, for as provided in syllabus 1 of the **Universal Concrete Pipe Co. v Bassett, 130 Oh St 567.**

"* * * if wanton misconduct is relied upon for recovery in an action for damages for personal injury, facts must be pleaded which reveal on their face the element of wantonness."

It is our conclusion that the trial court properly sustained the motion by the appellee for an instructed verdict. The judgment is affirmed.

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.